**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:11CV113**

| | | |
|---|---|---|
| **TIMOTHY WAYNE HEDRICK** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs, filed September 19, 2011, in the Statesville Division.

By the instant Motion, the Plaintiff seeks to proceed on his Complaint against Defendant to establish for himself entitlement to Social Security Disability and Disability Insurance Benefits and Supplemental Security Income as provided by 42 U. S. C. § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and 1383(c)(3), without having to prepay the costs associated with bringing this action.

In support of this Motion, the Plaintiff has submitted an Application which reflects that he is currently not employed. Such Application further reflects that in the past twelve months the Plaintiff received $146 per month in child support. However, the Application reveals that the Defendant's ex-wife is in arrears by $5,000. Further the Application represents that the Defendant receives $300 per month, in public assistance, but does not give

the Court any information whether the Plaintiff will be receiving any public assistance in the future. Such Application further reflects that Plaintiff has no cash, and no checking or savings accounts. In addition, the Plaintiff reports that he does not own any real estate, stocks, or bonds, nor any other thing of value, except for a 1997 Plymouth Grand Voyager valued at $1,800.

Other than his own representations of indigence, the Plaintiff does not provide the Court with any other means of support for himself except for the public assistance that he receives each month and $146 in child support for which his ex-wife is in arrears.

In light of his representations, the Court does not understand how the Plaintiff is able to sustain himself. Therefore, the Court will hold the Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs in abeyance until such time as the Plaintiff provides additional information to the Court to support his allegations of indigence.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     That the Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs is held in **ABEYANCE;**

2.     That within thirty (30) days of the date of this Order, the Plaintiff shall submit to the Court additional information to support his allegations. <u>Failure to comply with the instant directive will result in the summary dismissal of the Plaintiff's case.</u>

3.     The Clerk of Court is instructed to serve this Order on Plaintiff's attorney.

Signed: August 24, 2011

Richard L. Voorhees
United States District Judge